IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> LINDA REYNOLDS, <br><br> Defendant/Movant. | Cause No. CR 12-84-GF-BMM <br> CV 16-80-GF-BMM <br><br> ORDER DENYING <br> § 2255 MOTION AND DENYING <br> CERTIFICATE OF APPEALABILITY |

This case comes before the Court on a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Defendant Reynolds is a federal prisoner proceeding pro se. She seeks relief under the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

1

Reynolds pled guilty to conspiring to distribute at least 50 grams of pure methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a). At sentencing, she was designated a career offender because she had five prior felony drug convictions dating from 1993 to 2009, including two federal convictions. *See* Presentence Report ¶¶ 51, 52, 53, 54, 55. Reynolds was sentenced to serve 262 months in prison. Judgment (Doc. 142) at 2.

Neither the offense to which Reynolds pled guilty nor any part of her advisory guideline calculation required the Court to interpret a residual clause or to determine what constitutes a "crime of violence" or "violent felony." *Johnson* has no bearing on career offender designations based solely on drug convictions. Reynolds is not entitled to relief under the rule of *Johnson*.

Reynolds also states that she believes she is entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788 to the United States Sentencing Guidelines. *See* Mot.§ 2255 at 3. Because she was designated a career offender, the reduction would have no effect on her guideline calculation or sentence. Therefore, she is not entitled to it. *See* Order (Doc. 245) at 1; U.S.S.G. § 1B1.10(a)(2)(B). To whatever extent she asserts a claim based on denial of her 782 motion, the claim is denied.

A certificate of appealability is not warranted. Reynolds has not made a showing that she was deprived of a constitutional right, and reasonable jurists

2

would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Reynolds' motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 249) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Reynolds files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-80-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Reynolds.

DATED this 7th day of July, 2016.

Brian Morris
United States District Court Judge