IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-84-GF-BMM |
| | CV 16-90-GF-BMM |
| Plaintiff/Respondent, | |
| vs. | ORDER DISMISSING |
| | § 2255 MOTION AND DENYING |
| LINDA REYNOLDS, | CERTIFICATE OF APPEALABILITY |
| Defendant/Movant. | |

On August 2, 2016, Defendant/Movant Reynolds filed a motion under

Amendment 794 to the United States Sentencing Guidelines and 28 U.S.C. § 2255.

Reynolds is a federal prisoner proceeding pro se.

Reynolds has already filed a § 2255 motion. The motion and a certificate of

appealability were denied on July 7, 2016. Reynolds filed a notice of appeal on

July 25, 2016. The appeal is pending under Cause No. 16-35596. Because

proceedings on Reynolds' first motion are closed in this Court, she may not file a

second § 2255 motion unless and until she is authorized to do so by the Court of

Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147,

149 (2007) (per curiam).

If Reynolds' motion were addressed under 18 U.S.C. § 3582(c)(2), and if

Amendment 794 were retroactive to judgments that were final before its

promulgation,[1] and even assuming Reynolds' conduct supported a role adjustment, a downward role adjustment would make no difference. She was sentenced as a career offender under U.S.S.G. § 4B1.1 because she had five prior felony convictions for drug trafficking, in 1993, 1996, two in 1998, and 2009. Presentence Report ¶¶ 46, 51-55.

A certificate of appealability is not warranted. Reynolds has not made a showing that she was deprived of a constitutional right, and reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Reynolds' motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 249) is DISMISSED as an unauthorized second or successive motion.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Reynolds files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-90-GF-BMM are terminated and shall close the civil file by entering

---

[1] *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016), holds the amendment is retroactive to cases that were not yet final or were pending on direct review on November 1, 2015. Reynolds was sentenced on February 11, 2013.

judgment in favor of the United States and against Reynolds.

4. Construed as a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), the motion is DENIED.

DATED this 10th day of August, 2016.

Brian Morris
United States District Court Judge